**Anna GREIDER, Administratrix Ad Prosequendum of the Estate of Clara G. Thiel, Petitioner,**

v.

**SECRETARY OF the DEPARTMENT OF HEALTH AND HUMAN SERVICES, Respondent.**

**No. 90–648V.**

United States Claims Court.

May 31, 1991.

Frederick W. Klepp, Cherry Hill, N.J., for petitioner.

Michael P. Milmoe, U.S. Dept. of Justice, Washington, D.C., for respondent.

## OPINION

LYDON, Senior Judge:

This vaccine case is before the court on the motion of petitioner Anna Greider (Greider) filed April 22, 1991, for review of the Special Master's decision dismissing her petition for compensation. On April 5, 1991, the Special Master issued an order dismissing Greider's petition because she filed a civil action prior to filing a petition for compensation. In response to petitioner's motion, respondent urges the court to uphold the Special Master's decision to dismiss Greider's petition for compensation. For the following reasons, the court affirms the dismissal of the petition.

## FACTS

On July 16, 1990, Greider filed a petition for compensation under the National Childhood Vaccine Injury Act of 1986 (Vaccine Act), 42 U.S.C.A. §§ 300aa–1 *et seq.* (West Supp.1991).[1] As administratrix *ad prosequendum* of the estate of her deceased sister, Clara Thiel, Greider sought compensation under the Vaccine Act for her sister's death on December 29, 1987, which allegedly resulted from the June 24, 1987 administration of an oral polio vaccine to an infant to whom the deceased, Clara Thiel, provided child care. The deceased had contracted polio from the infant entrusted to her care. Several months before filing the vaccine petition, however, petitioner filed a civil action in state court against the administrator and manufacturer of the polio vaccine. The civil action was filed on December 21, 1989, only eight days before the pertinent statute of limitations expired. Petitioner voluntarily dismissed the civil action on April 16, 1990, three months prior to filing her petition for compensation under the Vaccine Act.

During the proceedings before the Special Master, respondent admitted that petitioner had established that the polio vaccine caused her sister's death, and respondent recommended that compensation be awarded if petitioner met the other requirements of the Vaccine Act. After discovering that petitioner had filed a prior civil action in state court for damages for the vaccine-related death, respondent moved for dismissal of the petition. According to respondent, section 11(a)(6) of the Vaccine Act bars the filing of a Vaccine Act petition for compensation if a civil action for damages was filed after November 15, 1988. The Special Master agreed and dismissed Greider's petition for compensation. Petitioner now seeks to overturn that decision.

## DISCUSSION

Section 11(a)(6) of the Vaccine Act provides: "If a person brings a civil action after November 15, 1988 for damages for a vaccine-related injury or death associated with the administration of a vaccine before November 15, 1988 such person may not file a petition under [the Vaccine Act] for such injury or death." The language of section 11(a)(6) is crystal clear. Since petitioner filed a civil action for damages against the administrator and the manufacturer on December 21, 1989, she may not file a Vaccine Act petition for compensation. Because petitioner elected to pursue a civil action in state court, before filing a Vaccine Act petition, the Special Master held that Greider's petition must be dismissed. The legislative history supports

---

1. All statutory references hereinafter pertain to the Vaccine Act. For convenience, individual sections of the Act are cited without reference to 42 U.S.C.A. § 300aa.

the Special Master's interpretation of section 11(a)(6). "If a person [whose vaccine-related injury occurred prior to the effective of the Vaccine Act] initiates a civil action against a manufacturer after the enactment of this legislation without first completing the compensation system, he or she may not enter the compensation system." H.R.Rep. No. 908, 99th Cong.2d Sess. 14 (1986), *reprinted in* 1986 U.S.CODE CONG. & ADMIN.NEWS 6344, 6355.[2]

Petitioner raises two objections to the Special Master's decision. First, petitioner argues that the Special Master's interpretation of section 11(a)(6) violates the equal protection clause of the Constitution. Second, petitioner argues that the Special Master's interpretation is contrary to the intent of Congress and creates a harsh result.

With regard to petitioner's equal protection argument, petitioner complains that section 11(a)(6) unfairly treats similarly situated persons differently. Petitioner correctly notes that, under the Vaccine Act, Congress established different rules based upon the date of the vaccine-related injury. Those persons whose injury occurred before the effective date of the Act (pre-Act injury), may file a petition for compensation under the Vaccine Act even if they filed a civil action before November 15, 1988, provided the civil action was either dismissed or unsuccessful. Conversely, those persons with a pre-Act injury who filed a civil action after November 15, 1988, such as petitioner, are barred from filing a petition for compensation under the Vaccine Act, even if the civil action is subsequently dismissed. Petitioner admits that, on its face, section 11(a)(6) prevents her

from filing a petition for compensation. Nevertheless, petitioner argues that such a distinction between these two classes of "similarly situated" persons constitutes "arbitrary and irrational discrimination" in violation of the equal protection clause.

Petitioner's argument misses the mark in several respects. First, petitioner fails to understand that the court is not at liberty to change a statute enacted by Congress. The language of section 11(a)(6) is clear on its face. Petitioner may not file a petition for compensation under the Vaccine Act because she filed a civil action for damages after November 15, 1988. Since the language of the statute is crystal clear and it is supported by the legislative history, the court must defer to its clear meaning. *Rodriguez v. United States*, 480 U.S. 522, 526, 107 S.Ct. 1391, 1393, 94 L.Ed.2d 533 (1987); *Wiggins v. Secretary of the Dep't of Health & Human Servs.*, 17 Cl.Ct. 551, 556 (1989), *aff'd*, 898 F.2d 1572 (Fed.Cir. 1990).[3]

■ Second, the court has no jurisdiction to hear claims based on the due process or equal protection guarantees of the Fifth Amendment, as these Constitutional provisions do not obligate the federal government to pay money damages. *Carruth v. United States*, 224 Ct.Cl. 422, 445, 627 F.2d 1068, 1081 (1980); *Adams v. United States*, 20 Cl.Ct. 132, 135 (1990); *Lark v. United States*, 17 Cl.Ct. 567, 569 (1989).

■ Third, petitioner's argument that section 11(a)(6) unfairly treats "similarly situated" persons differently lacks a rational basis. The Vaccine Act was intended to discourage civil actions for damages for vaccine-related injuries brought against

---

**2.** Originally, section 11(a)(6) provided that persons injured before the "effective date" of the Vaccine Act (October 1, 1988) and who brought a civil action after the "effective date" could not file a petition. The Act was subsequently amended by inserting the date "November 15, 1988" in place of the "effective date" language, because this court did not begin accepting Vaccine Act petitions before November 15, 1988. H.R.Rep. No. 247, 101st Cong., 1st Sess. 511 (1989), *reprinted in* 1989 U.S.CODE CONG. & ADMIN.NEWS 1906, 2237.

**3.** In a recent vaccine case, the Federal Circuit reaffirmed the principle that a petitioner must show clear legislative history to support a construction of the Vaccine Act that is contrary to its plain meaning. *Massing v. Secretary of the Dep't of Health & Human Servs.*, 926 F.2d 1133, 1135 (Fed.Cir.1991). In *Massing*, the court held that the Claims Court properly affirmed the dismissal of a petition where the petitioner had "previously collected an award or settlement of a civil action for damages for such vaccine-related injury or death." *Massing, supra*, 926 F.2d at 1135 (quoting section 11(c)(1)(E)).

manufacturers of vaccines. H.R.Rep. No. 908, 99th Cong., 2d Sess. 12 (1986), *reprinted in* 1986 U.S.CODE CONG. & AD-MIN.NEWS 6344, 6353. Those persons with pre-Act injuries who filed a civil action before November 15, 1988 had no option to pursue a remedy under the Vaccine Act at the time they filed their civil actions. Those persons with pre-Act injuries who filed a civil action after November 15, 1988 clearly had a choice of forums. Petitioner's view of these two different groups of claimants as "similarly situated" in this regard is unsound. By enacting section 11(a)(6), Congress reasonably sought to encourage claimants who had not filed any suit prior to November 15, 1988, to pursue a remedy under the Vaccine Act rather than in a civil action in another court. Accordingly, the court finds petitioner's equal protection argument unavailing.[4]

■ Petitioner's second argument attacks the Special Master's decision as contrary to Congressional intent and as creating a harsh result. Petitioner explains that, because she first consulted an attorney less than two weeks before the expiration of the state statute of limitations for bringing a civil action, she lacked adequate time to file a Vaccine Act petition before the statute of limitations expired.[5] Therefore, she filed the civil action in state court as a protective measure to prevent the imminent expiration of the statute of limitations eight days hence. Although petitioner explains that she subsequently dismissed her state court action to gain the tolling benefit of section 16 of the Vaccine Act, petitioner actually dismissed her civil action three months before filing her Vaccine Act petition. Thus, it would seem that the statute of limitations on her civil action expired well before her petition was filed. In any event, petitioner argues that Con-

gress intended section 11(a)(6) to bar claimants from simultaneously pursuing two avenues of relief. In petitioner's view, section 11(a)(6) does not preclude a petitioner from filing a petition so long as the petitioner has dismissed any civil action in progress before filing the petition. Although it is not clear from petitioner's brief, this argument is apparently made in the alternative to her equal protection argument, in which she admits that section 11(a)(6) on its face bars her petition, but that the operation of that section violates her equal protection rights.

■ As stated above, the court must start with the language of the statute itself to determine if it comports with Congressional intent. *Wiggins, supra,* 17 Cl.Ct. at 555. The language of section 11(a)(6) clearly bars petitioner from filing a petition for compensation because she initiated a civil action for damages after November 15, 1988. This is so regardless of the fact that petitioner subsequently dismissed her civil action before filing a Vaccine Act petition. Petitioner argues that the phrase in section 11(a)(6) "[i]f a person brings a civil action" means that a petition cannot be filed while a civil action is pending. However, that contingency is covered in section 11(a)(5)(B), which provides that "[i]f a plaintiff has pending a civil action for damages for a vaccine-related injury or death, such person may not file a petition under [the Vaccine Act] for such injury or death." The court must adhere to the clear meaning of the statutory language. *Rodriguez, supra,* 480 U.S. at 526, 107 S.Ct. at 1393. Although petitioner claims such a reading creates a "harsh result," the court will not misread the statute to reach a sympathetic result. *Wiggins, supra,* 17 Cl.Ct. at 558; *see also Mansell v. Mansell,* 490 U.S. 581,

**4.** In opposing petitioner's motion for review, respondent indicates that in an unpublished order of the Claims Court dated May 13, 1991, the court held that a Vaccine Act petition must be dismissed pursuant to section 11(a)(6) because petitioners had brought a civil suit against a vaccine administrator on September 25, 1989. *Vire v. Secretary of the Dep't of Health & Human Servs.,* No. 90–84V (Cl.Ct. May 13, 1991). How-

ever, under RUSCC 52.1(a), unpublished orders are not to be cited by counsel as authority.

**5.** Section 16(c) of the Vaccine Act tolls the statute of limitations under state law for civil actions for a vaccine-related injury from the date a Vaccine Act petition is filed until petitioner elects either to pursue a civil remedy or to withdraw the petition.

594, 109 S.Ct. 2023, 2031, 104 L.Ed.2d 675 (1989).

## CONCLUSION

For the foregoing reasons, the court upholds the decision of the Special Master dismissing Greider's petition for compensation under the Vaccine Act. The Clerk shall enter judgment dismissing the petition. No costs.