JoAnn **ALLISON, Individually and as Natural Parent and Guardian of Thomas Allison, a Minor, Petitioner,**

v.

**SECRETARY OF THE UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES, Respondent.**

No. 90–810V.

United States Claims Court.

July 12, 1991.

Eckley M. Keach, Las Vegas, Nev., for petitioner.

Carol B. Essrick, Washington, D.C., for respondent.

## OPINION

FUTEY, Judge.

This vaccine case is before the court on petitioner's motion for review of the special master's decision. On April 19, 1991, the special master dismissed the petition, concluding that petitioner's failure to dismiss a prior civil action precluded the court from exercising jurisdiction over her claim. Petitioner asserts that the special master erred in determining that the failure to dismiss a civil action constituted a jurisdictional bar to proceeding in the Claims Court. Respondent maintains that the relevant statutory provisions bar petitioner's claim, and urges the court to uphold the decision of the special master.

### Factual Background

On August 22, 1990, petitioner JoAnn Allison, as natural parent and guardian of Thomas Allison (Allison), commenced an action in this court for compensation under the National Childhood Vaccine Injury Act of 1986 (Vaccine Act), as amended, 42 U.S.C. § 300aa–1 et seq. (West Supp.1990). Petitioner alleged a vaccine-related injury received by Allison on December 28, 1982. On April 26, 1984, Allison instituted a civil action against Merck and Company, the

vaccine manufacturer, and Clark County Health Unit, the administrator of the vaccine, in District Court of Clark County, Nevada. The action sought damages for the same injuries alleged in the vaccine petition. The court granted summary judgment in favor of defendants, and dismissed petitioner's suit on February 15, 1989. On February 16, 1989, petitioner appealed the dismissal to the Nevada Supreme Court. After the parties submitted briefs to the Nevada Supreme Court, petitioner and Merck and Company entered into a "Stipulation to Continue Oral Argument" and agreed to stay proceedings in the appeal.[1] On March 9, 1990, the Nevada Supreme Court stayed proceedings for a 6–month period.

On January 30, 1991, respondent filed a motion to dismiss petitioner's claim,[2] asserting that the Claims Court lacked jurisdiction, pursuant to 42 U.S.C. § 300aa–11(a)(5)(B), over the petition since petitioner had pending a civil action in state court for a vaccine-related injury. Petitioner averred that jurisdiction was proper, maintaining that a pending civil action need only be dismissed prior to an award of compensation, not prior to filing of the petition. In support of this argument, petitioner relied on the decision in *Garlington v. Secretary, DHHS*, Cl.Ct. No. 88–31V, 1989 WL 250129 (spec. master slip. op. Sept. 25, 1989). On April 19, 1991, the special master dismissed the petition, determining that dismissal of the prior civil action was a jurisdictional prerequisite to proceeding in the Claims Court.

Petitioner filed a motion for review of the special master's decision on May 20, 1991. In the motion, petitioner contends that the special master erred in concluding that the requirements of 42 U.S.C. § 300aa–11(a)(5)(B) were jurisdictional. Petitioner further maintains that "[a]ny individual reading the *Garlington* decision,

would and could reasonably rely upon that decision in the belief that the failure to dismiss an underlying lawsuit does not present a jurisdictional bar to proceeding with the [p]etition."[3] Petitioner also suggests that respondent, as well as this court, should be estopped from raising jurisdictional deficiencies in light of the government's acceptance of the *Garlington* decision.

On June 19, 1991, respondent filed an opposition to petitioner's motion. Respondent maintains that the special master determined correctly that § 2111(a)(5)(B) of the Vaccine Act required petitioner to dismiss all prior civil actions, within 2 years of the effective date of the Act, in order to file a petition for compensation under the Vaccine program. In addition, respondent argues that petitioner was not justified in relying on the *Garlington* decision. Respondent also contends that the government cannot be estopped from asserting jurisdictional defenses.

### Standard of Review

Section 300aa–12(e)(2) of the Vaccine Act, as amended, provides in relevant part:

(2) Upon filing of a motion [for review of a special master's decision] with respect to a petition, the United States Claims Court shall have jurisdiction to undertake a review of the record of the proceedings and may thereafter—

(a) uphold the findings of fact and conclusions of law of the special master and sustain the special master's decision;

(b) set aside any findings of fact or conclusions of law of the special master found to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law and issue its own findings of fact and conclusions of law, or

---

1. The parties agreed to suspend proceedings pending a decision by the United States Claims Court on whether petitioner was entitled to compensation under the National Vaccine Injury Compensation Program.

2. At a status conference conducted by the special master on December 17, 1990, respondent moved orally for dismissal of the present action. On January 10, 1991, the special master ordered the parties to brief the issue of jurisdiction.

3. Motion for review, p. 4.

(c) remand the petition to the special master for further action in accordance with the court's direction.

In addition, Rule 5 of the Vaccine Rules, (RUSCC—Appendix J, Section III, *Judge's Review*) mirrors the statutory language set forth above.

■ In reviewing the special master's decision, the court may, therefore, set aside findings of fact and conclusions of law which are "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." *Brown v. Secretary DHHS*, 920 F.2d 918 (Fed.Cir.1990); *Hines v. Secretary DHHS*, 21 Cl.Ct. 634 (1990). In the present case, petitioner challenges the special master's construction of the statutory provisions of the Vaccine Act. Since interpretation of a statute involves a question of law, the court will review the decision of the special master *de novo*. However, the court is mindful of the "special master's expertise in the development of these novel procedures" of the Vaccine Program and will overturn conclusions of law "only where the error is unmistakenly clear." *Hale v. Secretary, DHHS*, 22 Cl. Ct. 403, 406 (1991).

### Discussion

The Tucker Act, 28 U.S.C. § 1491, confers jurisdiction upon the Claims Court to adjudicate claims for money damages against the United States where the right to sue is established by statute, regulation, the Constitution, or contract. 28 U.S.C. § 1491(a). Section 2112(a) of the Vaccine Act sets forth the jurisdiction of this court over vaccine compensation claims, providing that:

The United States Claims Court and the United States Claims Court special masters shall, in accordance with this section, have jurisdiction over proceedings to determine if a petitioner under section 300aa–11 of this title is entitled to compensation under the Program and the amount of such compensation. The United States Claims Court may issue and enforce such orders as the court deems

necessary to assure the prompt payment of any compensation awarded.

42 U.S.C. § 300aa–12(a).

In order for this court to assert jurisdiction over a petition for compensation under the Vaccine Act, the party bringing the action must be a proper petitioner under § 2111 of the Act.

Section 2111(a)(5)(A) of the Vaccine Act provides:

A plaintiff who on the effective date of this subpart [October 1, 1988] has pending a civil action for a vaccine-related injury or death, may at any time within 2 years after the effective date of this subpart or before judgment, whichever comes first, petition to have such action dismissed without prejudice ... and file a petition under subsection (b) of this subpart.

In turn, § 2111(a)(5)(B) states that:

If a plaintiff who has pending a civil action for damages for a vaccine-related injury or death, such person may not file a petition for subsection (b) of this section for such injury or death.

■ Read together, §§ 2111(a)(5)(A) and 2111(a)(5)(B) of Vaccine Act are clear in requiring a petitioner to dismiss, not merely suspend, a civil action within 2 years of October 1, 1988, before filing a petition for compensation under the Vaccine Program. Petitioner filed an civil action for damages against the vaccine administrator and manufacturer on April 26, 1984. On August 22, 1990, the civil action was pending before the Nevada Supreme Court. Petitioner, therefore, did not dismiss her prior civil action before filing a petition for compensation with the Claims Court. Petitioner's failure to do so requires the court to dismiss her petition for compensation under the Vaccine Program. *Greider v. Secretary, DHHS*, 23 Cl.Ct. 348, 349, n. 2 (Cl.Ct. 1991).

The legislative history of §§ 2111(A)(5)(A) and 2111(a)(5)(B) supports this statutory construction:

Subparagraph A clarifies that a petitioner must petition to have his or her action dismissed and may not simply allow the action to lie dormant during the compen-

sation proceeding. Subparagraph B clarifies that a plaintiff in such an action whose action is still pending may not enter the compensation system.

H.R.Rep. 247, 101st Cong, 1st Sess. 511, *reprinted in* 1989 U.S.Code Cong. & Admin.News 1906, 2237.

The above language further reinforces the prohibition against maintaining a civil action for a vaccine-related injury at the time of the filing of a petition.

■ Moreover, petitioner cannot utilize § 2111(a)(8) of the Vaccine Act to prevent dismissal of her claim. That section provides:

> If on the effective date of this subpart [October 1, 1988] there was pending an appeal or rehearing with respect to a civil action brought against a vaccine administrator or manufacturer and if the outcome of the last appellate review of such action or the last rehearing of such action is the denial of damages for a vaccine-related injury or death, the person who brought such action may file a petition under subsection (b) of this section for such injury or death.

Section 2111(a)(8), therefore, excepts from the general prohibition against maintaining simultaneously two actions for a vaccine-related injury those petitioners who sought appellate review of a civil action prior to the effective date of the Vaccine Act. Unfortunately, petitioner did not receive an appealable judgment from the state court civil action until February 15, 1989. Since no appeal was pending on the effective date of the Vaccine Act, § 2111(a)(8) is inapplicable to the present case.

Petitioner relied on the *Garlington* decision for the proposition that holding a vaccine-related civil action in abeyance pending the outcome of a petition for vaccine compensation would preserve Claims Court jurisdiction. In *Garlington,* the special master requested petitioner to dismiss a pending civil action without prejudice after the petition was filed in the Claims Court. Without commenting on this procedure, the court finds *Garlington* distinguishable from the present case. At the time the special master in *Garlington* ordered the dismissal of the pending civil action, petitioner was within the limitations period set forth in § 2111(a)(5)(A) of the Vaccine Act which required pending civil actions to be dismissed by October 1, 1988, the effective date of the statute. If the special master dismissed the petition, the petitioner in *Garlington* could have refiled in the Claims Court upon dismissal of the civil action. However, in the instant case, petitioner cannot refile in compliance with § 2111(a)(5)(A) of the Vaccine Act since more than two years has passed since the effective date of the Act. In any event, § 2111(a)(5)(B) of the Vaccine Act and its accompanying legislative history compel dismissal of the petition with prejudice and cannot be overlooked.

■ Last, this court must determine its own jurisdiction. *Hambsch v. United States,* 857 F.2d 763 (Fed.Cir.1988), *cert. denied,* 490 U.S. 1054, 109 S.Ct. 1969, 104 L.Ed.2d 437 (1989). In addition, neither party can waive a jurisdictional deficiency and proceed in the Claims Court. Furthermore, the court cannot change the clear meaning of a statute enacted by Congress, even to avoid a "harsh result." *Greider,* at 351–352. Petitioner was required to comply with § 2111 of the Vaccine Act in order for the court to assert jurisdiction over her petition. However, petitioner acted in contravention of § 2111(a)(5)(B) by failing to dismiss the state court action against a vaccine manufacturer and administrator before proceeding in the Claims Court. Consequently, the decision of the special master to dismiss her petition was in accordance with law and will not be disturbed.

### Conclusion

For the foregoing reasons, the court upholds the special master's decision to dismiss Allison's petition for compensation under the Vaccine Act. The Clerk is directed to dismiss the petition. No costs.