991 F.2d 812
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Kevin Anthony COBB, A Minor, Petitioner-Appellant,
v.
SECRETARY OF THE DEPARTMENT OF HEALTH AND HUMAN SERVICES,
Respondent-Appellee.
 No. 92-5046.
 United States Court of Appeals, Federal Circuit.
 March 30, 1993.
 
 Before NEWMAN, PLAGER and LOURIE, Circuit Judges.
 DECISION
 PER CURIAM.
 
 
 1
 On April 4, 1991, Petitioner-Appellant Kevin Anthony Cobb (Cobb) filed a petition for compensation under the provisions of the National Childhood Vaccine Injury Act of 1986, as amended, 42 U.S.C. §§ 300aa-1 to 300aa-34 (1988 & Supp. II 1990) (Vaccine Act), for injuries which Cobb allegedly suffered as a result of a DPT vaccination received prior to October 1, 1988, the effective date of the Vaccine Act. Since petitions for such injuries were required to be filed by February 1, 1991,[1] the Special Master informed Cobb that the petition would be dismissed with prejudice unless cause was shown for the untimely filing. On October 4, 1991, the Special Master dismissed the petition as untimely filed. When Cobb failed to timely file a motion for review with the United States Court of Federal Claims,[2] the Clerk of that court entered judgment in accordance with the provisions of the Vaccine Act. See 42 U.S.C. § 300aa-12(e)(3). Cobb now appeals that judgment. We dismiss for lack of jurisdiction.
 
 DISCUSSION
 
 2
 Cobb argues that the Special Master erred in dismissing the petition for compensation as untimely filed, when that petition had been mailed four days before the statutory deadline. However, respondent Health and Human Services correctly notes that the threshold issue in this appeal is whether this court has jurisdiction to consider the merits of Cobb's appeal, in light of Cobb's failure to first obtain review of the Special Master's dismissal in the Court of Federal Claims.
 
 
 3
 Our jurisdiction over this appeal is a question of law, requiring interpretation of the provisions of the Vaccine Act. This court recently held in Grimes v. Secretary of the Department of Health and Human Services, No. 92-5067 (Fed.Cir. Mar. 15, 1993), that the Vaccine Act does not provide the Federal Circuit with direct appellate review of the decision of the Special Master--in other words, that the petitioner must first obtain review by a judge of the Court of Federal Claims before filing an appeal with the Federal Circuit. Cobb did not obtain review by a judge of the Court of Federal Claims prior to filing this appeal. The Special Master's decision was issued on October 4, 1991. Cobb then had thirty days in which to file a motion for review by a judge of the Court of Federal Claims, in accordance with § 300aa-12(e)(1).[3] In order to obtain that review, Cobb's motion must have been received by the Clerk on or before November 4, 1991. Since the Clerk received nothing from Cobb by that date, on November 6, 1991 judgment was entered in accordance with the Special Master's decision. See 42 U.S.C. § 300aa-12(e)(3).
 
 
 4
 As Grimes explains, when the "judgment" of § 300aa-12(e)(3) is entered in accordance with the decision of the Special Master, this court lacks jurisdiction to consider a petitioner's appeal of that judgment. Slip op. at 4. As the above recitation of facts demonstrates, that is Cobb's situation. For the purposes of 42 U.S.C. § 300aa-12(f), our jurisdictional inquiry begins and ends with what was filed during the thirty day period following the decision of the Special Master. Since Cobb did not file anything with the Court of Federal Claims during that period, we must conclude that this court lacks jurisdiction to consider this appeal.
 
 
 5
 We note in passing that on November 12, 1991, the Clerk received an untimely motion for review from Cobb. On November 14, 1991, the Clerk responded with a Notice that the petition was being returned unfiled, due to its untimeliness. Thus, although it appears that Cobb attempted to obtain review by a judge of the Court of Federal Claims, the necessary papers did not arrive at the Clerk's office within the critical thirty-day time limit. As Grimes makes clear, "[t]he Act sets a strict thirty-day time limit within which a party must appeal to the Court of Federal Claims." Slip op. at 4 (emphasis added). Further, "[i]f a party does not comply with the thirty-day limit, the clerk's entry of judgment ends the matter." Id. at 5. Thus, Cobb's untimely motion for review cannot suffice to confer jurisdiction over this appeal.
 
 
 6
 Accordingly, the appeal is dismissed for lack of jurisdiction.
 
 
 
 [1]
 28 months after the effective date, 42 U.S.C. § 300aa-16(a)(1)
 
 
 [2]
 The Federal Courts Administration Act of 1992, Pub.L. No. 102-572, § 902(a), 106 Stat. 4506, 4516 (1992), changed the name of the United States Claims Court to the United States Court of Federal Claims
 
 
 [3]
 "Filing" is deemed to have occurred on the date of receipt by the Clerk of the Court of Federal Claims, not by the date of mailing. Vaccine Rule 17(a)