**James M. PATTON and Joann Patton, legal guardians for Thomas Edward Patton, Petitioners,**

v.

**SECRETARY OF the DEPARTMENT OF HEALTH AND HUMAN SERVICES, Respondent.**

No. 90–1094V.

United States Court of Federal Claims.

June 4, 1993.

Jeffrey D. Swick, Columbus, OH, for petitioners; Feinstein & Mulligan, of counsel.

Mark W. Rogers, Washington, DC, with whom was Asst. Atty. Gen. Stuart M. Gerson, for respondent. Helene M. Goldberg, Director, John Lodge Euler, Deputy Director, and Charles R. Gross, Asst. Director.

## OPINION

FUTEY, Judge.

This vaccine case is before the court on respondent's motion for review of a special master's January 11, 1993, order to amend her decision of August 28, 1992. Respondent argues that the special master had no jurisdiction under the Vaccine Act[1] to modify her August 28, decision after the Clerk of the Court of Federal Claims reduced the special master's decision to a final judgment. Petitioners respond that special masters have inherent authority to correct mistakes in their decisions.

*Factual Background*

Petitioners filed a petition under the Vaccine Act seeking compensation for injuries suffered by their son, Thomas, shortly after an administration of the diphtheria, pertussis, and tetanus (DPT) vaccine. Among the damages requested in the petition was an award for pain and suffering, pursuant to 42 U.S.C. § 300aa–15(b)(2). On April 30, 1992, the special master issued a decision on the merits of the case. *Patton v. Secretary DHHS*, Cl.Ct. No. 90–1094V, 1992 WL 110392 (special master slip op. April 30, 1992). The special master found that the petitioners were entitled to compensation under the Vaccine Act and determined the entitlement amount. Both parties waived their right to seek review of this decision, and, on May 22, 1992, the Claims Court[2] entered judgment in accordance with the special master's decision. On June 15, 1992, petitioners elected to accept the Claims Court's judgment.

Pursuant to 42 U.S.C. § 300aa–15(e) and Vaccine Rule 13,[3] petitioners' counsel filed an application for attorney's fees and costs on July 6, 1992, which he amended on July 20, 1992.[4] On August 28, 1992, the special master issued a decision awarding $16,157.01 for attorney's fees and costs. This decision was silent, however, on the issue of damages for pain and suffering. Neither party filed a motion for review of the special master's August 28, 1992, decision and on September 29, 1992, the Clerk of the Claims Court entered judgment in accordance with the special master's decision.

---

1. The National Childhood Vaccine Injury Act of 1986, as amended, 42 U.S.C. §§ 300aa–1 to 300aa–34 (1988 & Supp. III 1991).

2. On October 29, 1992, the United States Claims Court was renamed the United States Court of Federal Claims, pursuant to Title IX of the Federal Courts Administration Act of 1992, Pub.L. No. 102–572, 106 Stat. 4506 (1992). The United States Court of Federal Claims is the successor to the United States Claims Court in all respects.

3. Pursuant to 28 U.S.C. § 2071 (1988) and 42 U.S.C. § 300aa–12(d)(2), the Claims Court promulgated the Vaccine Rules of the Office of

Special Masters of the United States Claims Court (Vaccine Rules). The Vaccine Rules govern all proceedings before the Office of Special Masters of the United States Claims Court (special masters) pursuant to the National Vaccine Injury Compensation Program (Program) established by 42 U.S.C. § 300aa–10. *See also Hines on Behalf of Sevier v. Secretary DHHS*, 940 F.2d 1518, 1525 (Fed.Cir.1991).

4. In the amended application for attorney's fees, petitioners' counsel reduced the total amount of fees and expenses that he had requested in the original July 6, 1992, application.

On November 16, 1992, 48 days after the Clerk entered judgment, petitioners filed a motion with the special master requesting that she amend her August 28, 1992, decision on attorney's fees to include an award of $13,842.99 for pain and suffering and future earnings pursuant to 42 U.S.C. § 300aa–15(a)(3) and (4).[5] In its response, filed November 30, 1992, respondent argued that the Vaccine Act does not grant jurisdiction to the special master to alter or amend a decision once the Clerk of the court has reduced that decision to a final judgment.

The special master rejected respondent's argument and issued an order on January 11, 1993, amending her August 28, 1992, decision to include $13,842.99 as compensation for pain and suffering and emotional distress. The special master determined that she had jurisdiction to amend the decision even after the Clerk of the court entered judgment in accordance with that decision.

On February 9, 1993, respondent filed a motion in this court asking it to review the special master's January 11, 1993, order to amend her August 28, 1992, decision. Respondent argues that the court should vacate the special master's order because the special master lacked jurisdiction to grant such an order under the Vaccine Act. Petitioners filed their response to this motion on March 9, 1993, and the case is now ready for review in this court.

## Discussion

### I. Standard of Review

The Vaccine Act grants the Court of Federal Claims jurisdiction to review a spe-

cial master's decision. 42 U.S.C. § 300aa–12(e). Under the Vaccine Act, the court may set aside a special master's factual findings and legal conclusions only if they are "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 42 U.S.C. § 300aa–12(e)(2)(B); *Bradley v. Secretary,* 991 F.2d 1570, 1574 (Fed. Cir.1993); *Munn v. Secretary DHHS,* 970 F.2d 863, 869 (Fed.Cir.1992).[6]

At issue in the instant case is the interpretation of the Vaccine Act in the special master's order of January 11, 1993.[7] Statutory interpretation is a matter of law, not fact. *Allison v. Secretary DHHS,* 23 Cl. Ct. 551, 554 (1991); *Southland Royalty Co. v. United States,* 22 Cl.Ct. 525, 528 (1991) (*citing McKart v. United States,* 395 U.S. 185, 198, 89 S.Ct. 1657, 1665, 23 L.Ed.2d 194 (1969)). Therefore, the court will review the special master's legal conclusions in her January 11, 1993, order under the "not in accordance with law" standard. *Neher v. Secretary DHHS,* 984 F.2d 1195, 1198 (Fed.Cir.1993); *Munn,* 970 F.2d at 870 n. 10. *Cf. Hines on Behalf of Sevier v. Secretary DHHS,* 940 F.2d 1518, 1527 (Fed.Cir.1991).

### II. Special Masters' Power to Amend Decisions

The primary issue in this case is whether special masters have authority to amend their decisions after the Clerk of the Court of Federal Claims has entered final judgment in accordance with those decisions. Petitioners support the special master's January 11, 1993, order to amend her deci-

---

**5.** The Vaccine Act permits a combined total award of up to $30,000.00 for attorney's fees and costs, pain and suffering, and lost earnings in cases where the vaccine at issue was administered before October 1, 1988. 42 U.S.C. § 300aa–15(b). Because the special master had awarded less than $30,000.00 for attorney fees and costs, she could award the balance for pain and suffering and lost earnings.

**6.** Prior to the Vaccine Act's 1989 amendments, the court had greater latitude for review. The court could review a special master's proposed factual findings and legal conclusions and make a "de novo determination of any matter." 42

U.S.C. § 300aa–12(d)(1) (1988) (amended 1989). *See also Munn v. Secretary DHHS,* 970 F.2d 863, 868–69 (Fed.Cir.1992); *Hines,* 940 F.2d at 1523.

**7.** The court finds it appropriate to treat the special master's January 1, 1993, order as a decision issued pursuant to 42 U.S.C. § 300aa–12(d)(3)(A). Because respondent filed its motion for review within 30 days of the special master's order, the court can and will assert jurisdiction to review that order, and will conduct its review of the special master's order under the standards set forth in 42 U.S.C. § 300aa–12(e).

sion on two grounds. First, petitioners argue that, under the Vaccine Act, special masters retain jurisdiction over their cases even after the Clerk of the court enters judgment in accordance with the special master's decision. Second, petitioners maintain that special masters have inherent, non-statutory power to correct inadvertent mistakes in their decisions.

### A. Special Masters' Jurisdiction Under Vaccine Act

■ The starting point for the court's examination of special masters' jurisdiction must be the Vaccine Act. It is axiomatic that "courts created by statute have only that jurisdiction conferred upon them by statute." *Butler v. Derwinski*, 960 F.2d 139, 140 (Fed.Cir.1992) (*citing Finley v. United States*, 490 U.S. 545, 547–48, 109 S.Ct. 2003, 2005–06, 104 L.Ed.2d 593 (1989); *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 818, 108 S.Ct. 2166, 2178, 100 L.Ed.2d 811 (1988)). *See also UNR Indus., Inc. v. United States*, 962 F.2d 1013, 1025 (Fed.Cir.1992), *aff'd, Keene Corp. v. United States*, —— U.S. ——, 113 S.Ct. 2035, 124 L.Ed.2d 118 (1993). Congress created the office of special masters as an adjunct of the United States Claims Court pursuant to § 300aa–12(c) of the Vaccine Act. Pub.L. No. 101–239, § 6601, 103 Stat. 2106, 2286–88 (1989) (amending 42 U.S.C. § 300aa–12). *See also Munn*, 970 F.2d at 868; *Stotts v. Secretary DHHS*, 23 Cl.Ct. 352, 358 (1991). Accordingly, special masters have only that jurisdiction which the Vaccine Act confers upon them.

■ Statutory construction begins with the statute's language. *VE Holding Corp. v. Johnson Gas Appliance Co.*, 917 F.2d 1574, 1579 (Fed.Cir.1990), *cert. denied*, 499 U.S. 922, 111 S.Ct. 1315, 113 L.Ed.2d 248 (1991) (*citing Mallard v. United States Dist. Ct. for the S. Dist. of Iowa*, 490 U.S. 296, 300, 109 S.Ct. 1814, 1817, 104 L.Ed.2d 318 (1989)). Where a statute's language is unambiguous, the court should regard it as conclusive "[a]bsent a clearly expressed legislative intention to the contrary." *Consumer Prod. Safety Comm'n v. GTE Sylvania, Inc.*, 447 U.S. 102, 108, 100 S.Ct. 2051, 2056, 64 L.Ed.2d 766 (1980). *See also Martin J. Simko Constr., Inc. v. United States*, 852 F.2d 540, 542 (Fed.Cir.1988). Moreover, as a statute that waives the government's sovereign immunity, the Vaccine Act must be strictly construed. *United States v. Sherwood*, 312 U.S. 584, 590, 61 S.Ct. 767, 771, 85 L.Ed. 1058 (1941); *Cosmic Constr. v. United States*, 697 F.2d 1389, 1390 (Fed.Cir.1982).

Section 300aa–12 of the Vaccine Act sets forth court jurisdiction over vaccine compensation claims.[8] *Allison*, 23 Cl.Ct. at 554. The Vaccine Rules, in turn, regulate the processing of claims pursuant to the Vaccine Act. *Hines*, 940 F.2d at 1525. A proceeding for compensation under the National Vaccine Program (Program) for a vaccine-related injury or death is initiated by service upon the Secretary of the Department of Health and Human Services (Secretary) and the filing of a petition with the Court of Federal Claims. 42 U.S.C. § 300aa–11(a)(1); Vaccine Rule 2(a). The special master first asserts jurisdiction over a vaccine case when the Clerk of the court forwards the petition to the special master. *Id.* § 300aa–11(a)(1); Vaccine Rule 3(a). The special master to whom a petition is assigned then issues a decision on that petition regarding whether compensation will be provided under the Program and the amount of that compensation. *Id.* § 300aa–12(d)(3)(A); Vaccine Rule 10(a). *See also Grimes v. Secretary DHHS*, 988 F.2d 1196, 1198 (Fed.Cir.1993).

Section 300aa–12(e) regulates the disposition of vaccine cases after special masters issue a decision. Section 300aa–12(e) provides, in relevant part, that—

---

**8.** Section 300aa–12(a) provides:

The [United States Court of Federal Claims] and the [United States Court of Federal Claims] special masters shall, in accordance with this section, have jurisdiction over proceedings to determine if a petitioner under section 300aa–11 of this title is entitled to compensation under the Program and the amount of such compensation. The [United States Court of Federal Claims] may issue and enforce such orders as the court deems necessary to assure prompt payment of any compensation awarded.

(1) Upon the issuance of the special master's decision, the parties shall have 30 days to file with the clerk of the [United States Court of Federal Claims] a motion to have the court review the decision. . . .

(2) Upon the filing of a motion under paragraph (1) with respect to a petition, the [United States Court of Federal Claims] shall have jurisdiction to undertake a review of the record of the proceedings and may thereafter—

(A) uphold the findings of fact and conclusions of law of the special master and sustain the special master's decision,

(B) set aside any findings of fact or conclusion of law of the special master found to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law and issue its own findings of fact and conclusions of law, or

(C) remand the petition to the special master for further action in accordance with the court's direction.

. . . .

(3) In the absence of a motion under paragraph (1) respecting the special master's decision or if the [United States Court of Federal Claims] takes the action described in paragraph (2)(A) with respect to the special master's decision, the clerk of the [United States Court of Federal Claims] shall immediately enter judgment in accordance with the special master's decision.

*See also* Vaccine Rules 11(a), 23, 27 and 30.

Section 300aa–12(f) controls the disposition of a vaccine case upon the court's review of a special master's decision pursuant to § 300aa–12(e)(2). This section provides that—

The findings of fact and conclusions of law of the [United States Court of Federal Claims] on a petition shall be final determinations of the matters involved, except that the Secretary or any petitioner aggrieved by the findings or conclusions of the court may obtain review of

the judgment of the court in the United States Court of Appeals for the Federal Circuit upon petition filed within 60 days of the date of the judgment with such court of appeals within 60 days of the date of entry of the [United States Court of Federal Claims'] judgment with such court of appeals.

*See also* Vaccine Rule 32; *Grimes,* 988 F.2d at 1198.

Finally, the Vaccine Rules provide a special procedure for recovering attorney's fees and costs, and compensation for lost earnings and pain and suffering, to which successful petitioners are entitled under the Vaccine Act. Vaccine Rule 13 requires that—

Any request for attorneys' fees and costs pursuant to 42 U.S.C. § 300aa–15(e) shall be filed no later than 21 days following the filing of an election pursuant to Vaccine Rule 12. The clerk shall forward the fee request to the special master to whom the case was assigned for consideration and decision. The decision of the special master on the fee request shall be considered a separate decision for purposes of Vaccine Rules 11 and 18.

In cases in which the vaccination at issue occurred prior to October 1, 1988, Vaccine Rule 10(b) provides that—

[T]he special master shall defer ruling on the limited issue of the amount of any compensation for lost earnings and pain and suffering, 42 U.S.C. § 300aa–15(a)(3) and (4), and combine that ruling with the decision under Vaccine Rule 13.[9]

In her January 11, 1993, order, the special master determined that she retained jurisdiction to amend her decision awarding attorney's fees and costs even after the Clerk of the court entered judgment in accordance with her decision. Petitioners support the special master's explanation that, because neither party filed a motion for review pursuant to § 300aa–12(e)(1), jurisdiction had "not shifted away from the Office of Special Masters."

**9.** Thus, the Vaccine Rules provide for two separate decisions in a vaccine case. The first decision regards entitlement; the second concerns attorney's fees, pain and suffering compensation, and lost earnings.

■ The Vaccine Act's plain language, however, suggests that, after a special master issues a decision, the special master loses jurisdiction over the decision's subject matter in one of two ways. First, under § 300aa–12(e)(2), jurisdiction shifts from the special master to the court upon the timely filing of a motion for review of the special master's decision. *Widdoss v. Secretary DHHS,* 989 F.2d 1170, 1176 (Fed. Cir.1993); *Wilson v. Secretary DHHS,* 23 Cl.Ct. 169, 171 (1991), *aff'd,* 960 F.2d 156 (Fed.Cir.1992). Once jurisdiction shifts to the court upon a motion for review, the special master can regain jurisdiction over the subject matter only upon the court's remand pursuant to § 300aa–12(e)(2)(C).

■ Second, if no motion for review is filed within 30 days of the special master's decision, then jurisdiction is lost when the Clerk of the court enters judgment in accordance with the special master's decision pursuant to § 300aa–12(e)(3), thereby "end[ing] the matter." *Grimes,* 988 F.2d at 1198. *See also Widdoss,* 989 F.2d at 1175 (strictly construing Vaccine Act's limitations on special master's powers over vaccine proceedings upon issuance of decision); *Cobb v. Secretary DHHS,* No. 92–5046, slip op. at 4, 1993 WL 89026 (Table) (Fed.Cir. Mar. 30, 1993) (strictly construing Vaccine Act's provisions regarding Federal Circuit appeals under 42 U.S.C. § 300aa–12(f)). Thus, the Vaccine Act does not provide special masters with the critical statutory basis to assert continuing jurisdiction to amend their decisions after the Clerk of the court has entered judgment in accordance with those decisions.

### B. Special Masters' Non-statutory Authority

In her January 11, 1993, order, the special master offers two non-statutory bases to support her assertion of jurisdiction to amend her August 28, 1992, decision.

First, the special master explains that special masters have an "historic authority" to relieve parties from mistakes in their decisions, which is equivalent to the power that Rule 60(b) of the Rules of the Court of Federal Claims (RCFC) invests in this court. The special master suggests that, in failing to address petitioner's request for pain and suffering compensation in her August 28, 1992, decision, she committed the type of mistake correctable under Rule 60(b).

Second, the special master maintains that she can correct errors pursuant to Vaccine Rule 1, which provides that—

> In all matters not specifically provided for by the Vaccine rules, the special master may regulate the applicable practice, consistent with these rules and with the purpose of the Vaccine Act, to decide cases promptly and efficiently.

The special master insists that "[t]o deny the authority of the special master to correct simple inadvertent errors violates the intent of the [Vaccine] Act to expedite and simplify procedures."

Rule 60 of the RCFC and of the Federal Rules of Civil Procedure (Fed.R.Civ.P.) regulates the procedures by which a party may obtain relief from a court's final judgment.[10] The rule "attempts to strike a proper balance between the conflicting principles that litigation must be brought to an end and that justice should be done." 11 CHARLES A. WRIGHT & ARTHUR R. MILLER (WRIGHT & MILLER), FEDERAL PRACTICE AND PROCEDURE § 2851, p. 140 (1973). *See also In re Frigitemp Corp.,* 781 F.2d 324, 326–27 (2d Cir. 1986).

Rule 60 has two subdivisions. Subdivision (a) provides that—

> Clerical mistakes in judgments, orders, or other parts of the record and errors therein arising from oversight or omis-

---

**10.** Rule 60 of the Rules of the Court of Federal Claims (RCFC) governs proceedings in all actions filed in the Court of Federal Claims. RCFC 1(a). Rule 60 of the Federal Rules of Civil Procedure (Fed.R.Civ.P.) applies to proceedings in civil suits filed in the United States district courts. Fed.R.Civ.P. 1. Rule 60 of the RCFC is essentially equivalent to Rule 60 of the Fed.R.Civ.P. *Info. Sys. and Networks Corp. v. United States,* 994 F.2d 792, 794, n. 3 (Fed.Cir. 1993); *Miner v. United States,* 14 Cl.Ct. 770, 774 (1988). *See also* RCFC 1(b).

sion may be corrected by the court at any time of its own initiative or on the motion of any party....

Rule 60(a) restates the ancient principle "that courts have the power and the duty to correct judgments which contain clerical errors or judgments which have issued due to inadvertence or mistake." *Am. Trucking Ass'ns v. Frisco Co.*, 358 U.S. 133, 145, 79 S.Ct. 170, 177, 3 L.Ed.2d 172 (1958) (*citing Gagnon v. United States*, 193 U.S. 451, 24 S.Ct. 510, 48 L.Ed. 745 (1984))[11] Rule 60(a) applies only to mistakes of a mechanical nature, such as typographical errors and computational mistakes. *See, e.g., In re Jee*, 799 F.2d 532, 535 (9th Cir. 1986), *cert. denied, Hanil Bank v. Michelman*, 481 U.S. 1015, 107 S.Ct. 1892, 95 L.Ed.2d 499 (1987); *Jones v. Anderson–Tully Co.*, 722 F.2d 211, 212 (5th Cir.1984); *Trahan v. First Nat. Bank of Ruston*, 720 F.2d 832, 833 (5th Cir.1983). The court may correct clerical errors under Rule 60(a) "at any time," either *sua sponte* or on any party's motion, because "the judgment simply has not accurately reflected the way in which the rights and obligations of the parties have in fact been adjudicated." *Frigitemp*, 781 F.2d at 327.

Subdivision (b) of Rule 60 provides:

[T]he court may relieve a party or the party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect....

The drafters of Rule 60 intended subdivision (b) to cover errors more substantial in nature than those correctable under subdivision (a). Advisory Committee Note to 1948 amendment of Rule 60(b), 5 F.R.D. at 478 (reprinted at 12 WRIGHT & MILLER, App.C., pp. 505–07) (Advisory Committee Note); *Warner v. City of Bay St. Louis*, 526 F.2d 1211, 1212 (5th Cir.1976). While parties can use a Rule 60(a) motion only "to

make the judgment or record speak the truth," parties seek relief under Rule 60(b) to make the judgment "say something other than what originally was pronounced." 11 WRIGHT & MILLER at § 2854, p. 149. *See also United States v. Griffin*, 782 F.2d 1393, 1396–97 (7th Cir.1986); *Frigitemp*, 781 F.2d at 327; *Jackson v. Jackson*, 276 F.2d 501, 504 (D.C.Cir.), *cert. denied*, 364 U.S. 849, 81 S.Ct. 94, 5 L.Ed.2d 73 (1960).

A court's power to relieve a party from a final judgment under Rule 60(b) is more limited than its ability to correct clerical errors under Rule 60(a). While a court can amend clerical mistakes under Rule 60(a) at any time, a court can grant relief under Rule 60(b) only in limited circumstances. *See, e.g., Yachts America, Inc. v. United States*, 8 Cl.Ct. 278, 280 (1985), *aff'd*, 779 F.2d 656 (Fed.Cir.1985), *cert. denied, Wilson v. United States*, 479 U.S. 832, 107 S.Ct. 122, 93 L.Ed.2d 68 (1986) (where Rule 60(b) motion filed while appeal pending, trial court cannot grant relief absent remand from appellate court).

Before Rule 60(b) was drafted, the circumstances in which a court could relieve parties from its judgments were uncertain. Courts relied on a variety of common law writs and equitable remedies to grant relief, often producing inconsistent results among similar cases. *Bankers Mortgage Co. v. United States*, 423 F.2d 73, 78 (5th Cir.), *cert. denied*, 399 U.S. 927, 90 S.Ct. 2242, 26 L.Ed.2d 793 (1970), (*citing* Advisory Committee Note). Rule 60(b) attempts to clarify those uncertainties by abolishing the ancient remedies and "defin[ing] the practice with respect to any existing rights or remedies to obtain relief from final judgments." Advisory Committee Note. *See also Frigitemp*, 781 F.2d at 326–27.

The special masters now appear to have the same uncertainties regarding their eq-

---

**11.** Petitioners cite the Supreme Court's decision in *Am. Trucking Ass'ns v. Frisco Co.*, 358 U.S. 133, 145, 79 S.Ct. 170, 177, 3 L.Ed.2d 172 (1958) to support the special master's opinion that a special master has inherent Rule 60(b)–type power to relieve a party from its final decision. In *American Trucking*, however, the Court recognizes courts' "historical" power only to correct clerical errors, codified at Fed.R.Civ.P.

60(a). The Court determined that the Interstate Commerce Commission (ICC) was vested with a similar power through 49 U.S.C. § 17(3) (1958) (amended at 49 U.S.C. § 10306 (1988)), a broad enabling statute that allowed the ICC to "conduct its proceedings under any provision of law in such manner as will best conduce to the proper dispatch of business and to the ends of justice." *Id.*

uitable powers under RCFC 60(b). One special master, for example, asserts that "if a special master's Order establishe[s] the availability of Rule 60(b) type relief, then the special master may grant such relief." *Lee v. Secretary DHHS*, Cl.Ct. No. 91–266V, 1992 WL 151814 (spec. master slip op. at 2, June 10, 1992) (order granting relief from dismissal). *See also Young v. Secretary DHHS*, Cl.Ct. No. 89–50V (spec. master slip op. Mar. 27, 1991) (order correcting compensation award after judgment entered). Other special masters suggest that they can relieve parties from their decisions under the same circumstances that the court may relieve parties from its judgments under RCFC 60(b). *Whitecotton v. Secretary DHHS*, Cl.Ct. No. 90–692V, 1992 WL 249777 (spec. master slip op. at 2 n. 2, Sept. 15, 1992) (order denying relief from judgment). Finally, at least one special master has acknowledged that there is a question as to whether special masters have authority to grant any Rule 60(b) type relief. *Smith v. Secretary DHHS*, Cl.Ct. No. 92–113, 1992 WL 245978 (spec. master slip op. at 3–4, Sept. 10, 1992) (order denying relief from judgment).

The Vaccine Act's legislative history suggests that Congress intended to ensure a "quick and certain conclusion of proceedings" under the Vaccine Act. H.R.Rep. No. 908, 99th Cong., 2d Sess. 17 (1986), *reprinted in* 1986 U.S.C.C.A.N. 6344, 6358. Until there is a determination regarding the extent to which special masters can amend their decisions, however, proceedings under the Vaccine Act will not have a certain conclusion.

■■■ Based on the clear language of Vaccine Rules, the court finds that special masters lack the power to relieve parties from a judgment. Vaccine Rule 1 stipulates that "[t]he [RCFC] apply *only* to the extent referenced." [Emphasis added.] Nowhere in the Vaccine Rules is RCFC 60(b) referenced. Accordingly, RCFC 60(b) does not apply to special masters. *See Smith v. Secretary DHHS*, 26 Cl.Ct. 116, 118, *aff'd*, 983 F.2d 1088 (Fed.Cir.1992); *cf. Yanow v. Weyerhaeuser Steamship Co.*, 274 F.2d 274, 278 (9th Cir.1958), *cert. denied*, 362 U.S. 919, 80 S.Ct. 671, 4 L.Ed.2d 739 (1960). Moreover, the Vaccine Rules include no provisions that recognize any "inherent" power in the special masters similar to the court's power under RCFC 60(b). Thus, the special masters have no such power. *See Donovan v. Secretary DHHS*, 28 Fed.Cl. 459, 461 (1993); *Smith*, 26 Cl.Ct. at 118.

■■ Finally, special masters cannot invoke Vaccine Rule 1 or any other authority to "expand [their] jurisdiction beyond the limits prescribed by Congress." *Widdoss*, 989 F.2d at 1178 (*quoting RSH Constructors, Inc. v. United States*, 20 Cl.Ct. 1, 7 (1990)) [citations omitted]. *See also United States v. Sherwood*, 312 U.S. 584, 589–90, 61 S.Ct. 767, 771, 85 L.Ed. 1058 (1941). Once the Clerk of the court enters judgment in accordance with a special master's decision, a special master may not re-assert jurisdiction, thereafter, to amend that decision.

■■ Despite the special master's admonition in her January 11, 1993, order, the court does not believe that its holding will result in "manifest injustice" for petitioners.[12] Although the court's holding might seem harsh, petitioners were not without recourse to seek relief from the special master's decision. In light of Vaccine Rule 10(b) and petitioners' specific request for pain and suffering compensation, it was plain on the face of the special master's August 28, 1992, decision that she neglected to address petitioners' request. Petitioners had ample opportunity to examine the special master's decision, to discover the special master's omission, and to file a motion for review with the court pursuant to 42 U.S.C. § 300aa–12(e)(1).[13]

---

**12.** Even if manifest injustice would occur, the avoidance of injustice is not a valid basis on which a statutory court may assert jurisdiction. *UNR Industries*, 962 F.2d at 1025 (*citing Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 818, 108 S.Ct. 2166, 2178, 100 L.Ed.2d 811 (1988)).

**13.** While the court recognizes that it cannot invoke RCFC 60(b) to review the merits of a special master's decision in the absence of a

*Conclusion*

For the reasons stated above, respondent's motion to vacate the special master's January 11, 1993, order is hereby granted. Accordingly, the Clerk shall reinstate the court's judgment entered on September 29, 1992. No costs.

---

timely motion for review, *Widdoss v. Secretary DHHS,* 989 F.2d 1170, 1177 (Fed.Cir.1993), the court does not interpret the *Widdoss* decision or the Vaccine Act as precluding the court from invoking RCFC 60(b) to relieve a party from a judgment for the limited purposes listed in this

rule. Relief from judgment is not merited in the instant case, however, where the error that petitioners allege as a legal basis for the relief that they requested was capable of being raised before judgment was entered. *See Ciaccio v. Secretary DHHS,* 27 Fed.Cl. 202, 203 (1992).