**Jay JESSUP and Sheree Jessup as legal representatives of the estate of Jennifer Jessup, a minor, Petitioners,**

v.

**SECRETARY OF THE DEPARTMENT OF HEALTH AND HUMAN SERVICES, Respondent.**

No. 91–49V.

United States Claims Court.

May 20, 1992.

Peter J. Balega, San Antonio, Tex., for petitioners.

Richard A. Schollmann, Washington, D.C., with whom was Asst. Atty. Gen. Stuart M. Gerson, for respondent.

## OPINION

YOCK, Judge.

Pursuant to RUSCC Appendix J, Vaccine Rules of the Office of the Special Masters of the United States Claims Court, specifically Vaccine Rule 23, on December 26, 1991, the respondent filed a Motion for Review of the special master's November 26, 1991, decision on attorneys' fees in this matter. The petitioners filed a response to the Motion for Review on April 20, 1992. For the reasons stated herein, the decision of the special master is reversed and no award of attorneys' fees or costs shall be made.

### Facts

Jennifer Jessup was born on April 18, 1988, and she received a diphtheria, tetanus, and pertussis (DTP) immunization on November 21, 1988. Sadly, on December 5, 1988, the child died. Based on the temporal relationship between the DTP immunization and the child's death, the petitioners filed a petition for compensation under the National Vaccine Injury Compensation Program, *codified as amended at* 42 U.S.C.A.

§ 300aa–1 *et seq.* (West Supp.1991) (Vaccine Act). However, this petition was filed on January 17, 1991, some twenty-five and one-half months after the child's death. The Vaccine Act, 42 U.S.C.A. § 300aa–16(a)(3), states that "no petition may be filed for compensation under the Program for such death after the expiration of 24 months from the date of the death * * *." Notwithstanding this clear statutory bar, the petitioners never addressed the jurisdictional issue raised by the lateness of their petition.

Petitioners and respondent stipulated to the dismissal of the action on July 17, 1991. In a July 26, 1991 opinion, the special master concluded that the petition was appropriate for dismissal because it was fatally deficient. Also, the special master noted that the petition was being dismissed with prejudice because it was not filed within twenty-four months of the child's death and thus failed to meet the statutory guidelines. Regarding attorneys' fees, the special master stated that any claim for attorneys' fees would be closely scrutinized to see whether it met the statutory requirements of being both reasonable and brought in good faith.

On August 1, 1991, the petitioners filed a motion requesting attorneys' fees in the amount of $10,000 and costs in the amount of $6,251.16 incurred in the bringing of the petition. This motion was pursuant to 42 U.S.C.A. § 300aa–15(e) and Vaccine Rule 13. In accordance with an order by the special master, the petitioners then filed a response on October 21, 1991, which provided documentation in support of the requested attorneys' fees and other costs. Also, petitioners increased their request to $17,-285 for attorneys' fees and $6,767.76 for other costs.

The respondent strongly opposed petitioners' motion for attorneys' fees and costs on the grounds that the Court had no jurisdiction to entertain the suit because it was beyond the twenty-four month time limit of the Vaccine Act. Thus, respondent reasoned that the Court was also deprived of jurisdiction to grant fees and costs.

The special master issued a decision on attorneys' fees on November 26, 1991, granting the petitioners $750 for attorneys' fees and $500 for costs. The special master looked to 42 U.S.C.A. § 300aa–15(e)(1), which reads, in pertinent part, as follows:

If the judgment of the United States Claims Court on such a petition does not award compensation, the special master or court may award an amount of compensation to cover petitioner's reasonable attorneys' fees and other costs incurred in any proceeding on such petition if the special master or court determines that the petition was brought in good faith and there was a reasonable basis for the claim for which the petition was brought.

First, the special master found that there was no reason to doubt that the petition was brought in good faith because of the close temporal relationship between the administration of the DTP vaccine and the child's death, which had no other clearly evident alternative cause. Second, the special master interpreted the second part of the statutory requirement, the reasonable basis for the claim, as "referring to the reasonableness of the factual basis for the claim and that there was, at least initially, a reasonable factual basis for the *claim* in this case." In the special master's view, the close proximity of the DTP vaccine and the child's death also supported a finding of a reasonable factual basis for the claim "at least until sufficient attorney time had been expended to determine that all legal requirements were met." Therefore, the special master awarded the petitioners five attorney-hours worth of compensation on the grounds that "a competent attorney, expending five hours of research, would reasonably conclude that the petition was barred by § 16." As for costs, the special master denied compensation for medical expert fees and medical records because "[i]f the jurisdictional requirement had been reasonably investigated and properly resolved, there would have been no need for any medical expenditures." However, the special master did allow $500 for other costs, such as copying, research, and meeting with clients.

The respondent filed a Motion for Review with this Court on December 26, 1991, objecting to the award of attorneys' fees on jurisdictional grounds. The petitioners filed a response on April 20, 1992, stating that the special master's decision should stand and requesting additional compensation for the time expended in the dispute over attorneys' fees.

## Discussion

The decision of a special master should be set aside only if the findings of fact or the conclusions of law are arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law. *See* 42 U.S.C.A. § 300aa–12(e)(2)(B). A request for attorneys' fees and expenses should not result in another extensive proceeding, and the special master has reasonably broad discretion in the calculation of such awards. *Hensley v. Eckerhart*, 461 U.S. 424, 437, 103 S.Ct. 1933, 1941, 76 L.Ed.2d 40 (1983). However, the special master must provide sufficient findings and analysis within his opinion so that the Court, upon review, can determine whether there was an abuse of discretion. *Hensley*, 461 U.S. at 437, 103 S.Ct. at 1941. Although the respondent contends that the special master's conclusions of law are subject to *de novo* review, the clear language of the Act states otherwise. 42 U.S.C.A. § 300aa–12(e)(2)(B). Thus, all the findings of the special master will be reviewed by this Court to determine whether they are arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law.

Based upon the holding of *Johns–Manville Corp. v. United States*, 893 F.2d 324 (Fed.Cir.1989), respondent argues that, since the Court lacked jurisdiction to hear the case, it likewise lacked jurisdiction to award attorneys' fees and other costs. Looking to 42 U.S.C.A. § 300aa–15(e)(1), which allows the award of attorneys' fees, respondent asserts that this provision allows the Court to award attorneys' fees and costs only where the Court had jurisdiction to hear the petition but denied the petitioner's claim on the merits. The respondent further argues, however, that this provision does not provide authority to award fees and costs where that authority was otherwise lacking due to a jurisdictional bar.

The petitioners offer no arguments to rebut the respondent's claims, other than to assert that there has been no showing that the special master's decision was arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law.

This Court agrees with the arguments advanced by the respondent. While this Court does not find that the special master's interpretation of 42 U.S.C.A. § 300aa–15(e)(1) was arbitrary, capricious, or an abuse of discretion, it is clear that the special master's decision was not in accordance with the law as discussed by the Federal Circuit in *Johns–Manville Corp.* In that case, the Federal Circuit found that, under common law, a court which had no jurisdiction over a case had no power to award costs. *Id.*, 893 F.2d at 327. However, the Federal Circuit determined that there were statutes which modified this common law rule, waived sovereign immunity, and permitted costs against the Government in certain cases. *Id.*

The Vaccine Act is one of these types of statutes because it allows costs and attorneys' fees to be recovered against the Government through 42 U.S.C.A. § 300aa–15(e)(1). However, this section cannot be construed broadly, as the special master has done, because "limitations and conditions upon which the Government consents to be sued must be strictly observed and exceptions thereto are not to be implied." *Soriano v. United States*, 352 U.S. 270, 276, 77 S.Ct. 269, 273, 1 L.Ed.2d 306 (1957). Section 300aa–16(a)(3) of the Vaccine Act explicitly bars actions that are filed after the expiration of twenty-four months from the date of the child's death. Such a statutory bar is jurisdictional. No other part of the Act explicitly restores either the Court's jurisdiction or the Government's consent to suit for the actions which section 300aa–16(a)(3) bars. The section upon which the special master based the award of fees and costs to be paid by the Government, 42 U.S.C.A. § 300aa–15(e)(1), does

not confer jurisdiction or waive sovereign immunity. Based on the Supreme Court's guidance in *Soriano,* the Government's consent to be sued for costs and attorneys' fees related to claims that are barred under the Vaccine Act cannot be implied merely from the section's discussion of a "claim" with a reasonable basis rather than a "petition" with a reasonable basis. Therefore, since this Court does not have jurisdiction over a vaccine injury case that was not brought within twenty-four months of the child's death, this Court likewise does not have jurisdiction to award any attorneys' fees or costs in this case.

As a final note, the Claims Court in *Lamb v. Sec'y of the Dep't of Health and Human Serv.,* 24 Cl.Ct. 255, 258–59 (1991), found that the filing of a petition that is clearly jurisdictionally barred raises the issue of whether there was a lack of reasonable inquiry by the attorney of record as to jurisdictional facts. Under USCC Rule 11, which is patterned after Rule 11 of the Federal Rules of Civil Procedure, there is an affirmative prefiling obligation that counsel inquire into the applicable facts and law. *Lamb,* 24 Cl.Ct. at 259. Failure to meet this affirmative obligation adversely affects the reasonableness of the claim for attorneys' fees. This consideration arises in this case because the petition was clearly time barred, and the petitioners offered no explanation for its lateness.

## CONCLUSION

On the basis of the foregoing, the award of attorneys' fees and costs made by the special master is set aside. The petitioners' request for attorneys' fees and costs is denied because the Court lacks the jurisdiction to award them in this case.