# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 13-168V
June 5, 2013
Not to be Published

```
* * * * * * * * * * * * * * * * * * * * *
ANTHONY BOWMAN,                *
                               *
                Petitioner,    *
                               *
        v.                     *    Petitioner filed outside the statute
                               *    of limitations for vaccinations
SECRETARY OF HEALTH            *    administered in the 1980s
AND HUMAN SERVICES,            *
                               *
                Respondent.    *
* * * * * * * * * * * * * * * * * * * * *
```

Anthony Bowman, Raleigh, NC, for petitioner (pro se).
Ann D. Martin, Washington, DC, for respondent.

**MILLMAN. Special Master**

## DECISION[1]

On March 5, 2013, petitioner pro se filed a petition under the National Childhood

Vaccine Injury Act of 1986 (hereinafter the "Vaccine Act" or the "Act"), alleging that

unspecified vaccines he received in 1987 caused him sarcoidosis.

---

[1] Because this unpublished decision contains a reasoned explanation for the special master's action in this case, the special master intends to post this unpublished decision on the United States Court of Federal Claims's website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, 116 Stat. 2899, 2913 (Dec. 17, 2002). Vaccine Rule 18(b) states that all decisions of the special masters will be made available to the public unless they contain trade secrets or commercial or financial information that is privileged and confidential, or medical or similar information whose disclosure would constitute a clearly unwarranted invasion of privacy. When such a decision is filed, petitioner has 14 days to identify and move to redact such information prior to the document's disclosure. If the special master, upon review, agrees that the identified material fits within the categories listed above, the special master shall redact such material from public access.

Together with his petition, petitioner filed an Application to Proceed *In Forma Pauperis*.

On March 12, 2013, the undersigned issued an Order granting petitioner's Motion to Proceed *In Forma Pauperis*. In this Order, the undersigned attached a list of vaccine attorneys who practice before the United States Court of Federal Claims, if petitioner wanted to avail himself of legal counsel. In addition, the undersigned noted in the Order that petitioner appeared to have filed his petition outside the statute of limitations for pre-Act cases. To wit, the undersigned wrote:

> The effective date of the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. § 300aa-10-34, was October 1, 1988. Persons who received vaccinations before the effective date of the Vaccine Act had until January 31, 1991 to file their petition or they would be time-barred from pursuing an action in the Vaccine Program. 44 U.S.C. § 300aa-16(a)(1) (pre-Act petitions had to be filed up to 28 months after the effective date of the Act). The statute of limitations has run on the adverse reaction petitioner alleges he had from vaccinations petitioner received in 1987.

On June 4, 2013, the undersigned held a telephonic status conference with petitioner and respondent's counsel which was recorded. During that conference, petitioner specified that he had a reaction to influenza vaccine which he received in the mid-1980s. Recently, in the last year, he noticed a pamphlet about the Vaccine Program while at the Veterans Administration in Durham, NC. Although he said he knew he was filing past the statute of limitations, he thought he would file a petition anyway. Petitioner asked the undersigned to give him mercy, i.e., not to apply the statute of limitations in his case.

The undersigned replied that if he had received flu vaccine in the 1980s, that vaccine was not included in the Vaccine Injury Table until July 1, 2005. National Vaccine Injury Compensation Program: Revisions to the Vaccine Injury Table, 76 Fed. Reg. 36,367, 36,369 (June 22, 2011). There is a look-back provision in the Vaccine Act which permits individuals

2

who receive a vaccine newly added to the Vaccine Injury Table to file a petition for a vaccine-related injury only if this occurred within eight years of the addition of the vaccine to the Table. 42 U.S.C. § 300aa-16(b)(2). Since flu vaccine was added to the Vaccine Injury Table on July 1, 2005, petitioner could sue for an adverse reaction to flu vaccine only if he had received it within the eight prior years or after July 1, 1997. Petitioner stated during the status conference that he had received his flu vaccination in the 1980s. The later addition of flu vaccine to the Vaccine Injury Table does not assist petitioner in this case because his vaccination occurred a decade before the permissible period for him to receive the flu vaccine and file a petition under the Act.

Petitioner then asked the undersigned to evaluate his claim without considering that he filed his petition outside the statute of limitations because he did not know of the Program until recently. The undersigned explained that the Act requires the undersigned to follow its provisions, including the statute of limitations, without exception for those who learn of the existence of the Program after the statute of limitations has expired. Petitioner's only recourse is an appeal to Congress because Congress wrote the statute.

## DISCUSSION

The United States is sovereign and no one may sue it without the sovereign's waiver of immunity. United States v. Sherwood, 312 U.S. 584, 586 (1941). When Congress waives sovereign immunity, courts strictly construe that waiver. Library of Congress v. Shaw, 478 U.S. 310 (1986); McGowan v. Secretary of HHS, 31 Fed. Cl. 734, 740 (1994); Edgar v. Secretary of HHS, 29 Fed. Cl. 339, 345 (1993); Patton v. Secretary of HHS, 28 Fed. Cl. 532, 535 (1993); Jessup v. Secretary of HHS, 26 Cl. Ct. 350, 352-53 (1992) (implied expansion of waiver of sovereign immunity was beyond the authority of the court). A court may not expand on the

waiver of sovereign immunity explicitly stated in the statute.  Broughton Lumber Co. v. Yeutter, 939 F.2d 1547, 1550 (Fed. Cir. 1991).

Petitioner alleges that the vaccinations he received in 1987 caused him sarcoidosis.  The effective date of the Vaccine Act is October 1, 1988, making this a pre-Act case.  The statute of limitations for filing pre-Act cases was January 31, 1991 for the vaccines listed on the initial Vaccine Injury Table.  Petitioner filed his petition on March 5, 2013, over 22 years too late for any vaccines he may have received that were originally on the Vaccine Injury Table.  For flu vaccine, which was added to the Table on July 1, 2005, petitioner would have had to receive flu vaccine within eight years of that date, or between July 1, 1997 and July 1, 2005.  But he claims he received flu vaccine in the mid-1980s.  The statute of limitations also bars his petition for his alleged receipt of flu vaccine.

Although the undersigned is sympathetic to petitioner's complaints of physical illness, the Vaccine Act requires that the undersigned dismiss this petition.

## CONCLUSION

This petition is **DISMISSED** because petitioner filed it outside the statute of limitations. In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[2]


**IT IS SO ORDERED**

_____                                  _____
DATE                                                      Laura D. Millman
                                                              Special Master

_____

[2]  Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party either separately or jointly filing a notice renouncing the right to seek review.

4