# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*  \*

| | |
|---|---|
| LUCILLE DALPE, | \*     No. 13-602V |
| | \*     Special Master Christian J. Moran |
| Petitioner, | \* |
| | \*     Filed: October 8, 2013 |
| v. | \* |
| | \*     Motion to dismiss petition; |
| SECRETARY OF HEALTH | \*     Pneumococcal vaccine |
| AND HUMAN SERVICES, | \* |
| | \* |
| Respondent. | \* |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*  \*

Heather M. Bonnet-Hebert, Mandell, Schwartz & Boisclair, Ltd., Providence, RI, for petitioner;
Lisa A.Watts, United States Dep't of Justice, Washington, D.C., for respondent.

## UNPUBLISHED DECISION GRANTING MOTION TO DISMISS [1]

On August 22, 2013, Lucille Dalpe filed a petition seeking compensation under the National Childhood Vaccine Injury Act of 1986 ("Vaccine Act"). 42 U.S.C. §300a-1 to 34.   Ms. Dalpe's petition alleged that she developed shoulder injury related to vaccine administration ("SIRVA"), as a result of receiving the pneumococcal vaccine, Pneumovax, on November 2, 2011.[2]  Pet. at 1; exhibit 1A at 14.

---

[1]The E-Government Act of 2002, Pub. L. No. 107-347, 116 Stat. 2899, 2913 (Dec. 17, 2002), requires that the Court post this ruling on its website.  Pursuant to Vaccine Rule 18(b), the parties have 14 days to file a motion proposing redaction of medical information or other information described in 42 U.S.C. § 300aa-12(d)(4).  Any redactions ordered by the special master will appear in the document posted on the website.

[2] Pneumovax is the brand name for a polysaccharide-type vaccine used to vaccinate against pneumococcus. The Pneumovax vaccine consists of a "mixture of highly purified capsular polysaccharides from the 23 most prevalent or invasive pneumococcal types of Streptococcus pneumoniae, including the six serotypes that most frequently cause invasive drug resistant pneumococcal infections among children and adults in the United States." Physicians' Desk Reference, 1994 (55th ed.2001).

For the reasons explained below, Ms. Dalpe is unable to demonstrate that she "received a vaccine set forth in the Vaccine Injury Table." 42 U.S.C. § 300aa11(c)(1)(a). Consequently, her petition is DISMISSED.

## I.    Factual and Procedural History

On the morning of November 2, 2011, Ms. Dalpe received a Pneumovax vaccination in her upper right arm.  Pet. at 1; exhibit 1A at 14.  Later that same day, Ms. Dalpe sought treatment at Barrington Urgent Care for pain, redness and swelling in her upper right arm.  Pet. at 2.  Following vaccination, Ms. Dalpe continued to seek treatment, including physical therapy, for pain and decreased range of motion in her right arm. Pet. at 2-4.

On August 22, 2013, Ms. Dalpe filed a petition seeking compensation for her injuries. Pet. at 1. With her petition, Ms. Dalpe filed an affidavit from Dr. Todd Handel (exhibit 1), a set of medical records (exhibits 1A-1G), and information regarding a proposed vaccine injury table update (exhibit 2). Following the filing of Ms. Dalpe's petition, the Court ordered respondent to file her Rule 4 report by November 20, 2013, and set a status conference for September 23, 2013.

On September 10, 2013, prior to the scheduled status conference, respondent filed a motion to dismiss Ms. Dalpe's petition for failure to state a claim upon which relief may be granted. Resp't Mot. at 1.  In her motion, respondent argues that Ms. Dalpe cannot receive compensation for her alleged injuries because the vaccine she received, Pneumovax, is not listed in the Vaccine Injury Table, 42 C.F.R. § 100.3 (a).  Resp't Mot. at 1-2.

An initial status conference was held on September 23, 2013.  At this conference, the parties discussed whether the pneumococcal polysaccharide vaccine was covered by the Vaccine Act.  Ms. Dalpe requested additional time to

A number of cases have concerned the Pneumovax vaccine; all have resulted in dismissals. See Schmidt v. Sec'y of Health & Human Servs., 11-401V, 2011 WL 6148590 (Fed. Cl. Nov. 21, 2011); Evans v. Sec'y of Health & Human Servs., No. 08–365V, 2008 WL 2683299 (Fed. Cl. June 19, 2008); Morrison v. Sec'y of Health & Human Servs., No. 04–1683, 2005 WL 2008245 (Fed.Cl. July 26, 2005); Finley v. Sec'y of Health & Human Servs., No. 04–874V, 2004 WL 2059490 (Fed. Cl. Aug. 24, 2004).

The alternative type of vaccine used to vaccinate against pneumococcus is the conjugate-type vaccine. The conjugate-type of pneumococcal vaccine is expressly covered under Category XII of the Vaccine Injury Table. 42 C.F.R. § 100.3(a)(XII) (2010); see also 66 Fed.Reg. 28,166 (May 22, 2001) (placing conjugate-type pneumococcal vaccine on the Vaccine Injury Table).

reply to respondent's motion.  On September 25, 2013, the Court issued an order granting Ms. Dalpe an extension for her reply until October 4, 2013.

On October 4, 2013, Ms. Dalpe filed a motion for decision on the record incorporating by reference the facts and legal arguments set forth in her petition. Pet'r Mot. at 1.

## II.  Standards for Adjudication

The court may dismiss a petition for failure to state a claim, pursuant to RCFC 12(b)(6).  To properly state a claim, the petitioner must provide "a short and plain statement of the claim, which shows that the petitioner is entitled to relief." Totes-Isotoner Corp. v. United States, 594 F.3d 1346 (Fed. Cir. 2010), quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).  A complaint does not need detailed factual allegations, but "factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."  Bell Atl. Corp. v. Twombly, 550 U.S. at 555.

## III.  Analysis

To receive compensation under the National Vaccine Injury Compensation Program (hereinafter "the Program"), Ms. Dalpe must first prove that she "received a vaccine set forth in the Vaccine Injury Table." 42 U.S.C. § 300aa11(c)(1)(a). Ms. Daple's medical records indicate that she received Pneumovax 23 vaccine from Merck on November 2, 2011. See Exhibit 1A at 14-17. Pneumovax 23, however, is not listed on the Vaccine Injury Table. 42 C.F.R. § 100.3(a).

The Vaccine Act expressly authorizes the United States Department of Health and Human Services to revise the Vaccine Injury Table. See 42 U.S.C. § 300aa-14(c)(1).  When adding vaccines to the Vaccine Injury Table after August 1, 1993, the Act states that the Secretary of the United States Department of Health and Human Services shall "amend the Vaccine Injury Table," only after the Centers for Disease Control and Prevention "recommends a vaccine to the Secretary for routine administration to children."  The Secretary of the United States Department of Health and Human Services has two years from the date of the Centers for Disease Control and Prevention's recommendation within which to amend the Table. § 300aa-14(e)(2).  In addition, Congress must approve an excise tax providing funds for the payment of compensation related to any vaccine that the Secretary of the United States Department of Health and Human Services adds

to the Table. <u>See</u> 26 U.S.C. § 4131(a); <u>see also</u> Omnibus Budget Reconciliation Act of 1993, Pub. L. No. 103-66, §13632(a)(3), 107 Stat. 312 (1993) (stating that a revision by the Secretary shall take effect upon the effective date of a tax enacted to provide funds for compensation paid with respect to the vaccine to be added to the Vaccine Injury Table).

The Secretary of the United States Department of Health and Human Services has not published a notice of coverage related to Pneumovax, and Congress has not enacted an excise tax related to Pneumovax. Therefore, Pneumovax is not included under Category XIII of the Vaccine Injury Table.

Congress has restricted compensation to only those people who "received a vaccine set forth in the Vaccine Injury Table." 42 U.S.C. § 300aa-11(c)(1)(a). As explained above, Ms. Dalpe has not established that she meets this criterion for compensation. Any suggestion that a special master overlook this requirement would exceed the authority given to special masters. <u>See</u> <u>Martin v. Sec'y of Health & Human Servs.</u>, 62 F.3d 1403, 1405 (Fed. Cir. 1995); <u>Schumacher v. Sec'y of Health & Human Servs.</u>, 2 F.3d 1128, 1135 n.12 (Fed. Cir. 1993) (stating "a waiver of sovereign immunity must be 'unequivocally expressed' and not merely implied by a court"); <u>Jessup v. Sec'y of Health & Human Servs.</u>, 26 Cl. Ct. 350, 352-53 (1992) ("limitations and conditions upon which the Government consents to be sued must be strictly observed and exceptions thereto are not to be implied").

Ms. Dalpe cannot demonstrate that she "received a vaccine set forth in the Vaccine Injury Table." 42 U.S.C. § 300aa-11(c)(1)(a). When a person seeking compensation from the government does not comply with the exact terms of the statute, the court may not grant relief. <u>See</u> <u>Inter-Coastal Xpress, Inc. v. United States</u>, 296 F.3d 1357, 1373 (Fed. Cir. 2002). Therefore, her petition is DISMISSED.

## IV.    <u>Conclusion</u>

For the reasons explained above, respondent's motion to dismiss is GRANTED and Ms. Dalpe's petition is DISMISSED. The Clerk shall enter judgment accordingly.

**IT IS SO ORDERED.**

s/Christian J. Moran
Christian J. Moran
Special Master
