# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 10-0197
### (Not to be published)

```
* * * * * * * * * * * * * * * * * * * * * * * *
                                    *    Special Master Corcoran
H.L., on behalf of A.I.,            *
deceased,                           *
                                    *
                                    *    Filed: July 13, 2018
              Petitioner,           *
                                    *    Attorney's Fees and Costs
       v.                           *
                                    *
SECRETARY OF HEALTH                 *
AND HUMAN SERVICES,                 *
                                    *
              Respondent.           *
                                    *
* * * * * * * * * * * * * * * * * * * * * * * *
```

*Robert Joel Krakow*, Law Office of Robert J. Krakow, P.C, New York, NY, for Petitioner.

*Robert P. Coleman, III*, U.S. Dep't of Justice, Washington, DC, for Respondent.

## DECISION GRANTING IN PART FINAL AWARD OF ATTORNEY'S FEES AND COSTS[1]

This action was initiated on April 1, 2010, seeking compensation under the National Vaccine Injury Compensation Program ("Vaccine Program").[2] Petitioner alleged that her daughter, A.I., experienced the significant aggravation of an underlying metabolic/mitochondrial disorder, resulting in her death, after receipt of the influenza vaccine on January 11, 2008. Petition ("Pet.") at ¶¶ 10-11 (ECF No. 1). The special master to whom the case was originally assigned denied entitlement by decision dated March 17, 2016 (ECF No. 134). Petitioner subsequently filed a motion for review,

---

[1] Although this Decision has been formally designated "not to be published," it will nevertheless be posted on the Court of Federal Claims's website in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012). **This means that the Decision will be available to anyone with access to the internet.** As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the Decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole Decision will be available to the public. *Id.*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended, 42 U.S.C. §§ 300aa-10 through 34 (2012) [hereinafter "Vaccine Act" or "the Act"]. Individual section references hereafter will be to § 300aa of the Act.

which was unsuccessful (*see* Order, dated September 14, 2016 (ECF No. 148)), and that Order was affirmed by the Federal Circuit in a nonprecedential disposition (ECF No. 155).

Petitioner previously obtained an interim award of fees and costs by Decision dated February 25, 2014 (ECF No. 84). She has now filed her final fees motion, dated March 30, 2018. *See* Motion for Attorney's Fees (ECF No. 158) ("Fees App."). Petitioner specifically requests fees and costs in the total amount of $112,680.74 (representing $107,679.70 in attorney's fees, and $5,000.64 for costs incurred). *See* Fees App. at 2. The earlier interim award covered work performed on the matter through hearing, while the present fees request seeks reimbursement of fees and costs incurred from October 2, 2013, through March 29, 2018 – a period of almost five years of work, that includes post-trial briefing and preparation of the motion for review and subsequent Federal Circuit appeal. Fees App. at 2, 4-6.

Respondent reacted to the motion on April 11, 2018, deferring to my discretion as to whether Petitioner has met the legal standards for an interim fees and costs award. *See* Response (ECF No. 159) at 2-3. Petitioner thereafter filed a one-page reply referencing her earlier arguments in support of the final fees request. ECF No. 160.The disputed fees request is now fully briefed and ripe for resolution.

For the reasons stated below, I hereby **GRANT IN PART** Petitioner's Motion, awarding attorney's fees and costs in the total amount of **$111,913.59** (representing $107,679.70 in attorney fees, and $4,233.89 in costs).

**Analysis**

### I.    A Final Award of Fees and Costs is Appropriate

I have in prior decisions set forth at length the criteria to be applied when determining if fees should be awarded for an unsuccessful claim. *See, e.g.*, *Allicock v. Sec'y of Health & Human Servs.*, No. 15-485V, 2016 WL 3571906, at *4-5 (Fed. Cl. Spec. Mstr. May 26, 2016), *aff'd on other grounds*, 128 Fed. Cl. 724 (2016); *Gonzalez v. Sec'y of Health & Human Servs.*, No. 14-1072V, 2015 WL 10435023, at *5-6 (Fed. Cl. Spec. Mstr. Nov. 10, 2015). In short, a petitioner can receive a fees award even if his claim fails, but to do so he must demonstrate the claim's reasonable basis[3] through some objective evidentiary showing and in light of the "totality of the circumstances." The nature and extent of an attorney's investigation into the claim's underpinnings, both before and after filing, is a relevant consideration. *Cortez v. Sec'y of Health & Human Servs.*, No. 09-176V, 2014 WL 1604002, at *6

---

[3]Although good faith is one of the two criteria that an unsuccessful petitioner requesting a fees award must satisfy, it is an easily-met one – and Respondent does not appear to question it in this case. *Grice v. Sec'y of Health & Human Servs.*, 36 Fed. Cl. 114, 121 (1996) (in the absence of evidence of bad faith, special master was justified in presuming the existence of good faith).

(Fed. Cl. Spec. Mstr. Mar. 26, 2014); *Di Roma v. Sec'y of Health & Human Servs*., No. 90–3277V, 1993 WL 496981, at \*2 (Fed. Cl. Spec. Mstr. Nov. 18, 1993) (citing *Lamb v. Sec'y of Health & Human Servs*., 24 Cl. Ct. 255, 258–59 (1991)).

The Court of Federal Claims recently provided further illumination as to the standards that should be used to evaluate whether the totality of the circumstances warrant a finding that reasonable basis existed. *Cottingham v. Sec'y of Health & Human Servs.,* No. 15-1291V, 2017 WL 4546579, at \*10 (Fed. Cl. Oct. 12, 2017). As Judge Williams therein stated, a special master should consider "the novelty of the vaccine, scientific understanding of the vaccine and its potential consequences, the availability of experts and medical literature, and the time frame counsel has to investigate and prepare the claim." *Id*. at \*5. Additionally, the Court may look at whether appellate litigation had a reasonable basis when determining whether such work is compensable under the program. *See Hirmiz v. Sec'y of Health & Human Servs.*, 135 Fed. Cl. 260, 270 (Fed. Cl. 2017).

Here, I do not find that Petitioner's post-hearing appellate efforts were completely in vain, or that the appeals did not raise reasonably-disputed points. Indeed, both the Court of Federal Claims and the Federal Circuit devoted not-insubstantial attention to her arguments, as reflected in the detailed level of analysis that each decision occasioned. In addition, I do not find that the issues raised in this case were ones that (at least at the time) had been the subject of earlier determinations that might have suggested appeal would not be fruitful. Accordingly, I find no grounds upon which to deny a final fees award in this case.

## II. Calculating Amount of Final Award

Because I have determined that the matter possessed reasonable basis for the post-hearing period in which additional fees and costs were generated, I must now evaluate what amount of award is proper. In any Vaccine Program case in which fees are sought, the requested sum must be "reasonable." Section 15(e)(1). Special masters may in their discretion reduce attorney hours *sua sponte*, apart from objections raised by Respondent and without providing a petitioner notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 208-09 (2009); *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (Fed. Cl. 1992) (special master has "wide discretion in determining the reasonableness" of attorney's fees and costs).

Determining the appropriate amount of an award of reasonable attorney's fees is a two-part process. The first part involves application of the lodestar method – "multiplying the number of hours reasonably expended[4] on the litigation times a reasonable hourly rate." *Avera v. Sec'y of Health &*

---

[4] An attorney's reasonable hourly rate is more precisely understood to be the "prevailing market rate" in the relevant forum. *Avera*, 515 F.3d at 1349; *Rodriguez v. Sec'y of Health & Human Servs*., No. 06-559V, 2009 WL 2568468, at \*2 (Fed. Cl. Spec. Mstr. July 27, 2009), *mot. for rev. denied*, 91 Fed. Cl. 453 (2010), *aff'd*, 632 F.3d 1381 (Fed. Cir. 2011). That rate is in turn determined by the "forum rule," which bases the award rate on rates paid to similarly qualified attorneys

*Human Servs.*, 515 F.3d 1343, 1347-48 (Fed. Cir. 2008) (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). The second part involves adjusting the lodestar calculation up or down to take relevant factors into consideration. *Id.* at 1348. This standard for calculating a fee award is considered applicable in most cases where a fee award is authorized by federal statute. *Hensley v. Eckerhart*, 461 U.S. 424, 429-37 (1983).

Petitioner asks that Mr. Krakow and paralegals who worked on this matter be reimbursed at varying rates for work performed from 2013-2018: $385.00 per hour for work performed in 2013; $396.00 per hour for work performed in 2014; $413.00 per hour for work performed in 2015; $425.00 per hour for work performed in 2016; $435.00 per hour for work performed in 2017; and $450.00 per hour for work performed in 2018. Fees App., Ex 1 at 3. Mr. Krakow's firm, located in New York, has repeatedly been found to be "in-forum" and therefore he is entitled to the forum rates established in *McCulloch v. Sec'y of Health & Human Servs.*, No. 09-293V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).[5] *See, e.g., Laderer v. Sec'y of Health & Human Servs.,* No. 09-097V, 2016 WL 3044838, at *3 (Fed. Cl. Spec. Mstr. Apr. 20, 2016). In addition, I have previously found all of Mr. Krakow's requested rates to be reasonable for an attorney of his experience. *See Johnson v. Sec'y of Health & Human Servs.*, No. 15-643V, 2018 WL 2772684, *2 (Fed. Cl. Spec. Mstr. April 13, 2018). Similarly, I have found the rates proposed by Mr. Krakow for paralegal work undertaken by himself (ranging from $125.00 - $150.00 per hour for 2013 - 2018) to be reasonable as well. *Id.* Accordingly, I find that the requested rates require no adjustment.

Additionally, I find that the hours expended on this matter (283 hours) were reasonable. The instant application for attorney's fees covers a period of time from October 2, 2013, through March 29, 2018, a period of roughly 4.5 years. During this time, Mr. Krakow prepared post-trial briefing and appeals of the matter before both the Court of Federal Claims and the Court of Appeals for the Federal Circuit. Respondent has also not identified any particular entries in the billing record as objectionable.

---

in the forum where the relevant court sits (Washington, D.C., for Vaccine Program cases). *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1348 (Fed. Cir. 2008). After the hourly rate is determined, the reasonableness of the total hours expended must be considered. *Sabella*, 86 Fed. Cl. at 205-06. This reasonableness inquiry involves consideration of the work performed on the matter, the skill and experience of the attorneys involved, and whether any waste or duplication of effort is evident. *Hensley*, 461 U.S. at 434, 437.

In some cases, determining the proper hourly rate for a particular attorney requires consideration of whether there is a significant disparity between the forum rate applicable to the Vaccine Program generally and the geographic forum in which the attorney practices, in order to adjust the rate used for the lodestar calculation. *Avera*, 515 F.3d at 1349 (citing *Davis County Solid Waste Mgmt. & Energy Recovery Special Serv. Dist. v. EPA*, 169 F.3d 755, 758 (D.C. Cir. 1999)). This "Davis" exception is inapplicable here, however, because I have previously found the attorneys in question should receive forum rates.

[5] The *McCulloch* forum rate ranges have been compiled into a list and posted to the Vaccine Claims section of the United States Court of Federal Claim website. The forum hourly rate fee schedule can be accessed at http://www.uscfc.uscourts.gov/vaccine-programoffice-special-masters ("OSM Hourly Rate Chart").

I will therefore award Petitioner the full amount requested for the work of Mr. Krakow, **$107,679.70**.

Just as they are required to establish the reasonableness of requested fees, petitioners must also demonstrate that requested litigation costs are reasonable. *Perreira*, 27 Fed. Cl. at 34; *Presault v. United States*, 52 Fed. Cl. 667, 670 (Fed. Cl. 2002). Reasonable costs include the costs of obtaining medical records and expert time incurred while working on a case. *Fester v. Sec'y of Health & Human Servs.*, No. 10-243V, 2013 WL 5367670, at *16 (Fed. Cl. Spec. Mstr. Aug. 27, 2013). When petitioners fail to carry their burden, such as by not providing appropriate documentation to substantiate a requested cost, special masters have refrained from awarding compensation. *See, e.g.*, *Gardner-Cook v. Sec'y of Health & Human Servs.*, No. 99-480V, 2005 WL 6122520, at *4 (Fed. Cl. Spec. Mstr. June 30, 2005).

Petitioner requests $5,000.64 in attorney's costs. *See* Fees App. at 4; Ex. 3 to Fees App. These costs include the filing fee paid in connection with the appeal in the Federal Circuit, printing costs for the appeal briefs and the joint appendix filed for the Federal Circuit, mailing expenses, and travel. However, this amount of costs is not supported by the submitted documentation. Exhibit 3 to the application is submitted as proof of costs. However, totaling up the amount of the receipts provided yields a total of only $4,233.89. See Ex.3 to Fees App. at 1-6. While some of the missing costs are undoubtedly minor (such as a claimed $5.50 spent by Mr. Krakow to take the subway to and from oral argument, *see* Ex. 2 to Fees App. at 26), there is a discrepancy of $766.75 between total costs sought and what has been supported through accompanying documentation. This is simply too large of a difference to ignore. Accordingly, I will reduce the award of costs by $766.75, reflecting the total amount which lacks documentation in the application. I will therefore award Petitioner a total of **$4,233.89** in costs.[6]

## CONCLUSION

The Vaccine Act permits an award of reasonable attorney's fees and costs. 42 U.S.C. § 300aa-15(e). Accordingly, I award a total of **$111,913.59** as a lump sum in the form of a check jointly payable to Petitioner and her counsel, Robert Krakow, Esq. In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the Court is directed to enter judgment herewith.[7]

---

[6] If Petitioner is able to submit supporting documentation for the missing costs within the time period prescribed for filing a motion for reconsideration, I am prepared to reconsider my Decision and award the missing costs.

[7] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the Parties' filing of a joint notice not to seek review.

**IT IS SO ORDERED.**

/s/ Brian H. Corcoran
Brian H. Corcoran
Special Master